**BAKER BOTTS L.L.P.**
Kevin Sadler (SBN# 283765)
kevin.sadler@bakerbotts.com
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone:    (650) 739-7500
Facsimile:     (650) 739-7699

Van H. Beckwith (*pro hac vice* application pending)
van.beckwith@bakerbotts.com
Ryan L. Bangert (*pro hac vice* application pending)
ryan.bangert@bakerbotts.com
2001 Ross Avenue
Suite 600
Dallas, TX 75201-2980
Telephone:    214-953-6500
Facsimile:     214-953-6503

Attorneys for Defendant
Dr Pepper Snapple Group, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD FEFFERMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DR PEPPER SNAPPLE GROUP, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 13-cv-0160-H-KSC<br><br>**DEFENDANT DR PEPPER SNAPPLE GROUP, INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME ON MOTION TO REMAND**<br><br>Date:<br>Time:<br>Courtroom: 15A-15th Floor<br>Judge: Marilyn L. Huff |

As Defendant Dr Pepper Snapple Group, Inc. ("DPSG") has explained to Plaintiff's counsel, the allegations raised here present important issues involving United States Food and Drug Administration regulations and the preemptive effect of those regulations. The complexity and importance of these issues are appropriate considerations in weighing an *ex parte* application to ignore the Southern District of California rules for noticed hearings and to rapidly accelerate a decision on whether the Court should hear this case and decide those important issues after sufficient time for full briefing. In conference, counsel for DPSG said precisely that — no emergency exists and we have no opposition to resetting deadlines, but in DPSG's view, the best and efficient course is to fully brief and argue the remand motion with the motion to dismiss because whether in federal court or state court, the issues must be briefed and will all soon have to be resolved.

Against that backdrop, yesterday, Wednesday, February 6, 2013, Plaintiff Richard Fefferman ("Plaintiff") filed his motion to remand this case to state court. Two hours later, Plaintiff filed an *ex parte* application to accelerate the hearing on his motion to a date *prior to* this Monday, February 11, 2013 despite noticing the hearing for March 11, 2013. By filing *ex parte*, Plaintiff hopes the Court would require DPSG — by tomorrow or Monday morning at the latest — to analyze the motion to remand, research relevant legal issues, formulate and brief its response, potentially supplement its Declarations to respond to Plaintiff's new theory, prepare to argue that response, and travel to California to attend a hearing.

Plaintiff's hopeful rush to judgment is not the type of "emergency" for which *ex parte* applications are designed. Rather, the best course is to reset both DPSG's motion to dismiss and Defendant's motion to remand for a single day, fully brief the issues, and hear the motions together in oral argument. If the Court decides it has jurisdiction, then the motion to dismiss will be ready for argument and decision. Should the Court decide it does not have jurisdiction, the parties will return to state court ready to argue the fully-briefed and refiled motion to dismiss. This approach will best maximize the Court's careful consideration of the important issues presented by both motions and will conserve judicial economy by allowing the Court to consider

-2-

Opposition to Ex Parte Application For Order Shortening Time

all issues at once.  Plaintiffs have properly noticed their motion to remand for March 11, 2013, and DPSG consents to hearing all motions that day.

## I.     Summary of Applicable Law

"Ex parte proceedings are used for 'emergency' circumstances and should not be used to bypass regular motion procedures." *Kashani v. Adams*, No. 08-cv-0286 JM (AJB), 2009 WL 1068862, at *2, (S.D. Cal. April 21, 2009).  For ex parte relief to be appropriate, "the evidence must show that the moving party's cause will be irreparably damaged if the underlying motion is heard according to regular noticed motion procedures" and that "the moving party is without fault in creating the crisis that requires ex parte relief." *Charley v. Chevron USA*, No CV 10-5063 ODW (SSx), 2010 WL 2792486, at *2 (C.D. Cal. July 13, 2010).  This high standard is "well-settled in this circuit." *Pate v. Wells Fargo Bank Home Mortgage Inc.*, No CV 11-4151 PSG (MANx), 2011 WL 2682646, at *1 (C.D. Cal. July 7, 2011).

## II.    Argument

"[F]iling an ex parte motion … is the forensic equivalent of standing in a crowded theater and shouting, 'Fire!'  There had better be a fire." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C. D. Cal. 1995).  Instead of preventing a fire, Plaintiff's *ex parte* application would cause a pointless fire drill.  Plaintiff has presented *no evidence* that a fire drill is necessary to avert some greater harm.  In fact, no harm exists at all.  Both motions must be briefed and both motions must be resolved regardless of the forum.  Moreover, any perceived inconvenience caused by the present briefing and hearing schedule can be easily remedied by setting both DPSG's motion to dismiss and Plaintiff's motion to remand for hearing on March 11, 2013, a remedy to which DPSG consents.

This Court has well-established procedures and timelines for briefing in advance of hearings.  S.D. Cal. R. 7.1(a)-(e).  DPSG followed those procedures when it filed and set for hearing its motion to dismiss.  DPSG has not sought to advance the hearing on its motion to dismiss, and Plaintiff has, to date, taken full advantage of the time afforded by the Local Rules to prepare its opposition brief.  DPSG likewise is entitled to use the time allowed by this Court's

rules to study and respond to Plaintiff's motion to remand and to submit additional evidence in support of removal if it so chooses.

Any other result would "detract[] from the purpose of the adversarial system," which is "to give the court the best possible presentation of the merits and demerits of the case on each side." *Mission Power*, 883 F. Supp. at 491.  This is particularly true where Plaintiff has failed to show the type of irreparable harm required for granting *ex parte* relief.  *See Mission Power*, 883 F. Supp. 488 at 492 (explaining that to show irreparable harm the moving party must show why it "should go to the head of the line in front of all other litigants and receive special treatment").  In addition, the cases cited by Plaintiff in its *ex parte* application offer no support for advancing the hearing date.  Rather, Plaintiff cites a case suggesting that DPSG must demonstrate CAFA removal jurisdiction "by the preponderance of the evidence," *see Lewis v. Verizon Communications Inc.*, 627 F.3d 395, 397 (9th Cir. 2010), and a California case holding that under the UCL, courts have "remedial power [that] is extraordinarily broad" and "has been construed to permit orders requiring the placement of prominent warning labels," *see Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 656 (Cal. Ct. App. 1996).  These citations do not support Plantiff's positions and, instead, they emphasize the importance of the issues and that fairness requires that DSPG be afforded adequate time to carefully examine, respond, and present arguments on Plaintiff's motion to remand.

### III.  Conclusion

Defendant respectfully requests that this Court deny Plaintiff's *ex parte* application to advance the hearing on its motion to remand.

Dated: February 7, 2013

Respectfully submitted,

By: /s/ Kevin Sadler
Kevin Sadler
**BAKER BOTTS L.L.P.**
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304-1007
Telephone: (650) 739-7500
Facsimile: (650) 739-7699
kevin.sadler@bakerbotts.com
josh.parker@bakerbotts.com

Van H. Beckwith (*pro hac vice* to be filed)
Ryan L. Bangert (*pro hac vice* to be filed)
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503
van.beckwith@bakerbotts.com
ryan.bangert@bakerbotts.com

**ATTORNEYS FOR DEFENDANT
DR PEPPER SNAPPLE GROUP, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure and the Local Court Rules of the United States District Court for the Central District of California via the CM/ECF system, on February 7, 2013.

/s/ Kevin Sadler
Kevin Sadler